Filed 4/19/21  P. v. Lee CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TOMMY LEE,<br><br>    Defendant and Appellant. | D077960<br><br><br>(Super. Ct. No. SCD150605) |

APPEAL from an order of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2007, defendant Tommy Lee was convicted of second degree murder.  On July 2, 2019, defendant filed a petition for resentencing under Penal Code[1] section 1170.95.  On July 13, 2020, the court summarily denied the petition and defendant appealed.  Unable to identify any arguable issues,

---

[1]    All further statutory references are to the Penal Code.

appellate counsel has sought independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 30, 2000, defendant was driving a stolen vehicle when San Diego County Sheriff's deputies began a pursuit at speeds of 70 to 90 miles per hour. About seven miles from the point where the chase began, defendant crashed into another car. A passenger in that other car was ejected and later died. Defendant admitted he was fleeing from the deputies and indicated he had ingested methamphetamine before driving. He also told arresting officers he had intentionally run through red lights during the pursuit.

On May 3, 2000, defendant was charged inter alia with murder in violation of section 187, subdivision (a). The information also alleged one strike prior (robbery) pursuant to sections 667, subdivisions (b)–(i), 1170.12, and 668. Defendant was convicted of second degree murder and other related charges. He was sentenced to 30-years-to-life imprisonment plus an additional determinant term of six years four months.

On December 1, 2005, defendant's murder conviction was reversed on the ground that fleeing from an officer with reckless disregard for others cannot form a basis for second degree felony murder. On January 22, 2007, he was reconvicted of second degree murder. On resentencing, the trial court struck the strike prior and reduced his indeterminant term to 15-years-to-life. The court also found sufficient evidence to sustain the jury finding of attempted murder. Defendant's convictions were affirmed on appeal.

---

[2]    The facts recited here are taken from the Court of Appeal decision in *People v. Lee* (Apr. 17, 2009, D052388) [nonpub. opn.].

As noted, defendant in July 2019 filed a petition for relief under section 1170.95 that the court summarily denied in July 2020. In denying defendant's petition, the court found he was the actual killer, and as such, was ineligible for relief under the statute.

Defendant appeals from the court's denial of his 1170.95 petition.

DISCUSSION

As noted, appellate counsel has filed a brief under *Wende* and *Anders* stating he has read and thoroughly reviewed the record, and has found no specific grounds for reversal or modification. He asks the court to independently review the record and determine whether defendant is entitled to relief. He also asks the court focus on whether 1) a prime facie case for relief under section 1170.95 was demonstrated; 2) a finding he was a direct cause of death precludes relief under section 1170.95; 3) there is sufficient evidence of malice; and 4) cases currently before our high court provide a basis for relief under section 1170.95.

Although he was advised he could do so, defendant has not filed a supplemental brief on his own behalf.

"In 2018, 'the Governor signed Senate Bill No. 1437 . . . in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill [No.] 1437 also added . . . section 1170.95, which created a [petition] procedure whereby a person whose felony murder conviction was final, but who could not have been convicted under the amended statutes,

3

could petition to have the conviction vacated.' [Citation.]" (*People v. Gomez* (2020) 52 Cal.App.5th 1, 11–12 (*Gomez*).)

Under section 1170.95, subdivision (c) a trial court presented with a facially valid petition must determine if the petition sets forth a prima facie case for relief. If it does, the court must then hold a hearing at which the prosecutor bears the burden to prove beyond a reasonable doubt that the petitioner is ineligible for resentencing. If the prosecutor fails to meet this burden, the court must vacate the murder conviction and resentence the defendant on any remaining counts. (§ 1170.95, subds. (c) & (d).)

Here, the record shows defendant was a direct participant in the second degree murder, as he was driving the stolen car that crashed into another car, killing one of its occupants. Under section 1170.95, a direct participant in a murder is ineligible for relief under the statute. (See *Gomez, supra*, 52 Cal.App.5th at pp. 14–15.)

Following our independent review, we conclude there are no other arguable issues that would result in modification or reversal in this case.

Defendant has been represented by competent counsel on appeal.

4

DISPOSITION

The order denying defendant relief under section 1170.95 is affirmed.


                                                                BENKE, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.